UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DENNIS C. CLEMMONS | ) |  |
|---|---|---|
| a/k/a WENDELL C. CLEMMONS, | ) |  |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:13-CV-371 CAS |
|  | ) |  |
| FELIX VINCENZ, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a thorough review of the record, the Court will dismiss petitioner's application for writ as noncognizable and duplicative of his 1993 petition. To the extent petitioner is seeking conditional or unconditional release, his petition will also be dismissed for his failure to exhaust his available state remedies.

**Factual and Procedural Background**

On April 17, 1975, petitioner was indicted by a grand jury in the City of St. Louis, Missouri, accused of murdering his stepson, Elton James Clemmons, on April 9, 1974. Although initially released on bond, petitioner violated the conditions of his bond, his bond was revoked and he was sent to Fulton State Hospital for a mental evaluation. Between 1975 and 1980, petitioner underwent numerous psychiatric examinations. Finally, on April 21, 1980, petitioner filed a notice of his intent to rely on the defense of "not guilty by reason of mental disease or defect excluding responsibility" pursuant to Mo. Rev. Stat. § 552.030. On May 27, 1980, the State filed a memorandum accepting the defense. Accordingly, on May 28, 1980, the Circuit Court for the City of St. Louis found petitioner not guilty by reason of mental disease or defect excluding responsibility. Petitioner was

committed to Fulton State Hospital until such time as the State Hospital could determine that petitioner did not have, and was not likely to have in the reasonable future, a mental disease or defect rendering petitioner dangerous to himself or others. Mo. Rev. Stat. § 552.040.

Petitioner continued to reside at Fulton State Hospital until he was transferred to St. Louis State Hospital on July 7, 1981. He was granted an amended conditional release from St. Louis State Hospital in June 1985 and granted several extensions/modifications of the conditional release, allowing him to continue to reside in the community until April 27, 1990. On that date, petitioner was apprehended and returned to St. Louis State Hospital due to several violations of the conditions of his release.

On May 2, 1990, a revocation hearing was held and as a result of the hearing it was determined that petitioner violated the conditions of his release and that resumption of full-time hospitalization was necessary for his needs and that of the public safety. Petitioner filed a writ of habeas corpus in this Court in December 1990. See Clemmons v. Trager, No. 90-2173-C(2) (E.D. Mo. 1991). The magistrate judge found that petitioner's claims challenged the revocation of his conditional release, none of which had been exhausted in state court. In the Report and Recommendation, therefore, the magistrate judge recommended dismissal of the action for failure to exhaust state remedies. The district judge adopted the Report and Recommendation and dismissed the action. Petitioner appealed the dismissal to the Eighth Circuit Court of Appeals and moved to remand the matter to the district court. Petitioner's motion to remand was denied, but because petitioner's "treatment team" agreed that he had been complying with his treatment and was ready to once again apply for conditional release, the Attorney General agreed to stipulate to the dismissal of the appeal and follow up with a conditional release filing in Missouri State Probate Court. The Court has been unable to find any record that a conditional release actually occurred.

On September 30, 1993, petitioner again filed a petition for writ of habeas corpus in this Court. See Clemmons v. Trager, No. 4:93-CV-2118 GFG (E.D. Mo. 1994). Petitioner's grounds for relief were as follows:

1. That petitioner's conviction was obtained by use of coerced confession and by a violation of the privilege against self-incrimination;

2. That petitioner's conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure/unlawful arrest;

3. That petitioner's conviction was obtained by a violation of the protection against double jeopardy; and

4. That petitioner received ineffective assistance of counsel.

The magistrate judge found that petitioner was not entitled to habeas relief on grounds one through three, which alleged that petitioner's "conviction" was improperly obtained, because petitioner was not convicted. On ground four, the judge found that petitioner should also be denied relief, because the asserted error was not shown to be attributable to counsel and was correctable with no prejudice to petitioner. The district judge adopted the magistrate judge's Report and Recommendation and denied the petition for writ.

Petitioner again appealed the dismissal to the Eighth Circuit Court of Appeals. See Clemmons v. Trager, No. 94-2728 (8th Cir. 1994). The judgment of the district court was affirmed on October 12, 1994.

**Issues Presented in the Current Writ**

In the instant petition, which was assigned to the undersigned, petitioner asserts four grounds for relief:

3

1. That petitioner's "hospitalization [was] obtained by use of coerced confession [and his] hospitalization [was] obtained by a violation of the privilege against self-incrimination."

2. That petitioner's "hospitalization [was] obtained by use of evidence gained pursuant to unconstitutional search [and] seizure/unlawful arrest."

3. That petitioner's "hospitalization [was] obtained by a violation of the protection against double jeopardy."

4. That petitioner's "hospitalization [was obtained] by [a] denial of effective assistance of counsel."

**Discussion**

Petitioner's arguments in the instant petition mirror his grounds for relief in his 1993 petition before this Court with one exception. In place of the word "conviction" petitioner uses the word "hospitalization." No doubt, petitioner does so because he was reminded by this Court in its prior memoranda that he was never actually convicted of any crime. Rather, petitioner was found not guilty by reason of mental disease or defect excluding responsibility and committed to the custody of the State of Missouri. As petitioner has been told on many prior occasions through orders in his prior cases, he has no basis to file a habeas corpus petition to attack a "conviction" because there is no "conviction" to attack. Under Missouri Revised Statutes § 552.040, a committed person can only petition under § 2554 for either conditional or unconditional release. Petitioner has not indicated in his application for writ that he is seeking either a conditional or unconditional release. However, in an abundance of caution, the Court will address the avenues to such relief below.

Conditional release is for a limited duration and is qualified by reasonable conditions. See Mo. Rev. Stat. § 552.040.10(3). To obtain conditional release a petitioner must prove, by clear and convincing evidence, that he "is not likely to be dangerous to others while on conditional release."

4

Mo. Rev. Stat. § 552.040.12(6). A conditional release implies that despite a mental disease or disorder, the committed person is eligible for limited freedom from a mental health facility, subject to certain conditions. Greeno v. State, 59 S.W.3d 500, 504 (Mo. 2001) (en banc).

Unconditional release, by contrast, can be granted only if the petitioner shows "by clear and convincing evidence that he does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others." Mo. Rev. Stat. § 552.040.7. Thus, Missouri places the burden on the insanity acquittee to prove that he or she qualifies for conditional or unconditional release by clear and convincing evidence.[1] Grass v. Reitz, 643 F.3d 579, 581 (8th Cir. 2011); Mo. Rev. Stat. §§ 552.040.7(6), 552.040.12(6); State v. Rottinghaus, 310 S.W.3d 319, 324 (Mo. Ct. App. 2010).

Clear and convincing evidence is "evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition so that the court is left with the abiding conviction that the evidence is true." Greeno, 59 S.W.3d at 505 (internal citations omitted). When an individual is acquitted by reason of mental disease or defect for a dangerous felony, in order to grant conditional or unconditional release, the court also must find that the individual "is not now and is not likely in the reasonable future to commit another violent crime" and "is aware of the nature of the violent crime committed . . . and presently possesses the capacity to appreciate the criminality

---

[1] In Missouri, when the circuit court accepts the defendant's plea of not guilty by reason of mental disease or defect, the defendant is deemed acquitted of the charges on the ground of mental disease or defect excluding responsibility. Taylor v. State, 262 S.W.3d 231, 238 (Mo. 2008) (en banc) ("If defendant succeeds on his affirmative defense, he is absolved of criminal responsibility."). Thus, a defendant's success in arguing that he or she is not guilty by reason of mental disease or defect effectively acquits the defendant of the charged crime. Those individuals are commonly referred to as "insanity acquittees." See Grass, 643 F.3d at 581; State v. Revels, 13 S.W.3d 293, 294 (Mo. 2000) (en banc).

5

of the violent crime . . . and . . . to conform [his or her] conduct to the requirements of law in the future." Mo. Rev. Stat. § 552.040.20. The denial of a petition for either conditional or unconditional release is "without prejudice to the filing of another application after the expiration of one year." Mo. Rev. Stat. §§ 552.040.13, 552.040.8.

Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." Duncan v. Walker, 533 U.S. 167, 178-79 (2001). This requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." Humphrey v. Cady, 405 U.S. 504, 516 (1972).

Although most of the cases defining the contours of the exhaustion requirement arise from challenges to state custody following criminal conviction, the Supreme Court's holding that exhaustion requires only a fair presentation that is satisfied "by invoking one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. See Beaulieu v. Minnesota, 583 F.3d 570, 575 (8th Cir. 2009). "To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the

6

application for release is denied, the confined person must appeal to the Missouri Court of Appeals." Kolocotronis v. Holcomb, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted).[2]

This Court has reviewed the online Missouri Case.net automated case management system, and it does not appear that petitioner has applied to any Missouri state court for release under § 552.040, Mo. Rev. Stat. Further, petitioner does not allege that he has so applied. As a result, to the extent petitioner is seeking conditional or unconditional release, petitioner's application for writ of habeas corpus will be dismissed without prejudice due to his failure to exhaust his available state remedies

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED** as noncognizable and duplicative of his 1993 petition. To the extent petitioner is seeking conditional or unconditional release his petition is also **DISMISSED** without prejudice due to his failure to exhaust his available state remedies. [Doc. 1]

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED** as moot. [Doc. 3]

---

[2]Kolocotronis goes on to hold that "if unsuccessful [in the Missouri Court of Appeals], [the confined person must] apply for transfer to the Missouri Supreme Court," id., based on Jones v. Ritterbusch, 548 F. Supp. 89, 90 (W.D. Mo. 1982). In 2001, after both Kolocotronis and Jones were decided, the Missouri Supreme Court amended Supreme Court Rule 83.04 to provide that "[t]ransfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." See Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002). Following this amendment, the Eighth Circuit has held that it is not necessary to apply for transfer to the Missouri Supreme Court to exhaust state remedies for purposes of § 2254. See id.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An appropriate judgment and order of dismissal will accompany this Memorandum and Order.

                                                        **CHARLES A. SHAW**
                                                        **UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of August, 2013.